IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **VERIZON MARYLAND, INC.,** | |
| **Plaintiff** | **Civil No.**  06-01663-MJG |
| **v.** | |
| **MONTGOMERY COUNTY, MARYLAND,** | |
| **Defendant** | |

## ANSWER

Defendant, Montgomery County, Maryland (the "County"), by its undersigned attorneys, hereby answers the Complaint for Declaratory and Injunctive Relief filed by Plaintiff, Verizon Maryland Inc. ("Verizon"), as follows:

## INTRODUCTION

1.   In answer to Paragraph 1 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations concerning Verizon's motivation for filing the Complaint, and on that basis, denies said allegations.  The County denies each and every other allegation in Paragraph 1.

2.   In answer to Paragraph 2 of the Complaint, the County admits that Verizon has applied for and received permits for constructing facilities in the County.  The County is without information

1

sufficient to form a belief as to the truth of each and every other allegation in  Paragraph 2 of the Complaint, and on that basis denies said allegations.

3.    In answer to Paragraph 3 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and on that basis denies said allegations.

4.    In answer to Paragraph 4 of the Complaint, the County admits that the County has a local ordinance which the County applies in a non-discriminatory manner to all cable operators operating in the County and which requires all such cable operators to obtain a cable franchise from the County. The County further admits that the County has participated in discussions with Verizon concerning a cable franchise even though Verizon has never filed an application for a cable franchise with the County, and admits that as of the date of this Answer, the County has not granted a cable franchise to Verizon.   The County denies each and every other allegation in Paragraph 4.

5.    In answer to Paragraph 5 of the Complaint, the County denies the allegations in the first sentence of Paragraph 5.  The County admits the allegations in the fourth sentence of Paragraph 5 of the Complaint.  Otherwise the County is without information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 5, and on that basis denies said allegations.

6.    In answer to Paragraph 6 of the Complaint, the County admits that the cases cited in Paragraph 6 address, among other things, the application of the First Amendment to cable operators in certain contexts.  The County denies each and every other allegation of Paragraph 6.

7.    In answer to Paragraph 7 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 7 concerning the

regulatory classification of particular Verizon facilities in the County, and on that basis denies said allegations.  The County denies each and every other allegation in Paragraph 7.

8.    In answer to Paragraph 8 of the Complaint, the County denies each and every allegation in Paragraph 8.

9.    In answer to Paragraph 9 of the Complaint, the County admits that it has entered into cable television franchise agreements with two cable providers – Comcast and RCN.  The County denies each and every other allegation in Paragraph 9.

10.  In answer to Paragraph 10 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations concerning Verizon's motivation for filing the Complaint, and on that basis denies said allegations.  The County denies each and every other allegation in Paragraph 10.

11.   In answer to Paragraph 11 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies said allegations.

12.  In answer to Paragraph 12 of the Complaint, the County denies that Verizon has any valid claims arising under any of the authorities cited.  The County is without information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 12, and on that basis denies said allegations.

13. In answer to Paragraph 13 of the Complaint, the County states that if this Court has jurisdiction, the County is not contesting venue.  The County is without information sufficient to form a belief as to each and every other allegation in Paragraph 13, and on that basis denies said allegations.

14.   In answer to Paragraph 14 of the Complaint, the County admits that Verizon is a local telephone company that offers voice and data services to consumers in Montgomery County.    The

County is without information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 14 of the Complaint, and on that basis denies said allegations.

15. In answer to Paragraph 15 of the Complaint, the County admits the allegations in Paragraph 15.

16. In answer to Paragraph 16 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and on that basis denies said allegations.

17. In answer to Paragraph 17 of the Complaint, the County admits that Comcast is the largest cable operator currently serving Montgomery County. The County is without information sufficient to form a belief as to the truth of each and every other allegation in Paragraph 17 of the Complaint, and on that basis denies said allegations.

18. In answer to Paragraph 18 of the Complaint, the County has not analyzed the documents cited in Paragraph 18, and thus is without information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis denies said allegations.

19. In answer to Paragraph 19 of the Complaint, the County admits that RCN obtained a cable franchise from the County in 1999, and that RCN currently provides services in the Silver Spring area of the County. The County further admits that it is aware that RCN filed a bankruptcy petition. The County lacks information sufficient to form a belief as to each and every other allegation in Paragraph 19, and on that basis denies said allegations.

20. In answer to Paragraph 20 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and on that basis denies said allegations.

21. In answer to Paragraph 21 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and on that basis denies said allegations.

22. In answer to Paragraph 22 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and on that basis denies said allegations.

23. In answer to Paragraph 23 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis denies said allegations.

24.  In answer to Paragraph 24 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis denies said allegations.

25. In answer to Paragraph 25 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis denies said allegations.

26. In answer to Paragraph 26 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis denies said allegations.

27. In answer to Paragraph 27 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and on that basis denies said allegations.

28. In answer to Paragraph 28 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis denies said allegations.

29. In answer to Paragraph 29 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis denies said allegations.

30.  In answer to Paragraph 30 of the Complaint, the statements in Paragraph 30 are not averments required or authorized by Fed. R. Civ. P. 8(a).  To the extent the Court finds any portion of

Paragraph 30 to be an appropriate averment, the County denies each and every allegation in Paragraph 30, as stating legal conclusions with which the County disagrees in whole or in part.

31.  In answer to Paragraph 31 of the Complaint, the statements in Paragraph 31 are not averments required or authorized by Fed. R. Civ. P. 8(a).  To the extent the Court finds any portion of Paragraph 31 to be an appropriate averment, the County denies each and every allegation in Paragraph 31, as stating legal conclusions with which the County disagrees in whole or in part.

32.  In answer to Paragraph 32 of the Complaint, the County admits that it is aware that Verizon offers high-speed internet access through Verizon's FIOS network.  The County denies each and every other allegation in Paragraph 32, as stating legal conclusions with which the County disagrees in whole or in part.

33.  In answer to Paragraph 33 of the Complaint, the statements in Paragraph 33 are not averments required or authorized by Fed. R. Civ. P. 8(a).  To the extent the Court finds any portion of Paragraph 33 to be an appropriate averment, the County denies each and every allegation in Paragraph 33 as stating a self-serving distortion with which the County disagrees in whole or in part.

34. In answer to Paragraph 34 of the Complaint, the County admits that Congress adopted legislation addressing cable television in 1984, 1992, and 1996.  The County denies each and every other allegation in Paragraph 34 as stating a self-serving distortion with which the County disagrees in whole or in part.

35. In answer to Paragraph 35 of the Complaint, the County admits that in 1984, Congress adopted the Cable Communications Policy Act of 1984 (the "Cable Act").   The County further admits that Paragraph 35 contains accurate, though incomplete and/or misleading, partial quotes from the text

of the Cable Act.  The County denies each and every other allegation in Paragraph 35, as stating legal conclusions with which the County disagrees in whole or in part.

36. In answer to Paragraph 36 of the Complaint, the County admits that Paragraph 36 contains accurate, though incomplete and/or misleading, partial quotes from the text of 47 U.S.C. § 542.  The County denies each and every other allegation in Paragraph 36, as stating legal conclusions with which the County disagrees in whole or in part.

37. In answer to Paragraph 37 of the Complaint, the County admits that Paragraph 37 contains accurate, though incomplete and/or misleading, partial quotes from the text of 47 U.S.C. § 542.  The County denies each and every other allegation in Paragraph 37, as stating legal conclusions with which the County disagrees in whole or in part.

38. In answer to Paragraph 38 of the Complaint, the County admits that Paragraph 38 contains accurate, though incomplete and/or misleading, partial quotes from the text of 47 U.S.C. § 531.  The County denies each and every other allegation in Paragraph 38, as stating legal conclusions with which the County disagrees in whole or in part.

39.  In answer to Paragraph 39 of the Complaint, the County admits that Paragraph 39 contains accurate, though incomplete and/or misleading, quotes from the text of 47 U.S.C. § 531 and the case cited.  The County further admits that Institutional Networks ("I-Nets") are communications networks which are generally dedicated for use by non-residential institutions such as such as local governments, educational institutions, and community centers.  The County denies each and every other allegation in Paragraph 39, as stating legal conclusions with which the County disagrees in whole or in part.

40. In answer to Paragraph 40 of the Complaint, the County admits that Paragraph 40 contains accurate, though incomplete and/or misleading, partial quotes from the text of 47 U.S.C. § 544.  The

County denies each and every other allegation in Paragraph 40, as stating legal conclusions with which the County disagrees in whole or in part.

41. In answer to Paragraph 41 of the Complaint, the County admits that Paragraph 41 contains accurate, though incomplete and/or misleading, partial quotes from the text of 47 U.S.C. § 522.  The County denies each and every other allegation in Paragraph 41, as stating legal conclusions with which the County disagrees in whole or in part.

42. In answer to Paragraph 42 of the Complaint, the County admits that Paragraph 42 contains accurate, though incomplete and/or misleading, partial quotes from the text of the documents cited.  The County denies each and every other allegation in Paragraph 42, as stating a self-serving distortion with which the County disagrees in whole or in part.

43. In answer to Paragraph 43 of the Complaint, admits that Paragraph 43 contains accurate, though incomplete and/or misleading, partial quotes from the text of 47 U.S.C. § 541.  The County denies each and every other allegation in Paragraph 43, as stating legal conclusions with which the County disagrees in whole or in part.

44.  In answer to Paragraph 44 of the Complaint, the County admits that Congress adopted the Telecommunications Act of 1996 in 1996.  The remaining statements in Paragraph 44 are not averments required or authorized by Fed. R. Civ. P. 8(a).  To the extent the Court finds any remaining portions of Paragraph 44 to be an appropriate averments, the County denies each and every such allegation as stating legal conclusions with which the County disagrees in whole or in part.

45. In answer to Paragraph 45 of the Complaint, the County admits that Paragraph 45 contains accurate, though incomplete and/or misleading, partial quotes from the text of 47 U.S.C. §§ 541.  The

County denies each and every other allegation in Paragraph 45, as stating legal conclusions with which the County disagrees in whole or in part.

46. In answer to Paragraph 46 of the Complaint, the County admits that Paragraph 46 contains accurate, though incomplete and/or misleading, partial quotes from the text of 47 U.S.C. § 542.  The County denies each and every other allegation in Paragraph 46, as stating legal conclusions with which the County disagrees in whole or in part.

47. In answer to Paragraph 47 of the Complaint, the County admits that under Title II of the Communications Act, the FCC has exclusive jurisdiction to regulate interstate and international communications service.  The County denies each and every other allegation in Paragraph 47, as stating legal conclusions with which the County disagrees in whole or in part.

48. In answer to Paragraph 48 of the Complaint, to the extent that any of the statements are proper averments required or authorized by Fed. R. Civ. P. 8(a), the County admits the allegations of Paragraph 48.

49.  In answer to Paragraph 49 of the Complaint, the County admits that Paragraph 49 contains accurate, though incomplete and/or misleading, partial quotes from the text of 47 U.S.C. § 253.  The County denies each and every other allegation in Paragraph 49, as stating legal conclusions with which the County disagrees in whole or in part.

50. In answer to Paragraph 50 of the Complaint, the County admits that Paragraph 50 contains accurate, though incomplete and/or misleading, partial quotes from the text of 47 U.S.C. § 230.  The County further admits the existence of the FCC Report and Order cited. The remaining statements in Paragraph 50 are not averments required or authorized by Fed. R. Civ. P. 8(a).  To the extent the Court finds any remaining portions of Paragraph 50 to be an appropriate averments, the County denies each

and every such allegation as stating legal conclusions with which the County disagrees in whole or in part.

51.  In answer to Paragraph 51 of the Complaint, the County admits that Paragraph 51 contains accurate, though incomplete and/or misleading, partial quotes from the text of 47 U.S.C. § 544.  The remaining statements in Paragraph 51 are not averments required or authorized by Fed. R. Civ. P. 8(a). To the extent the Court finds any remaining portions of Paragraph 51 to be an appropriate averments, the County denies each and every such allegation as stating legal conclusions with which the County disagrees in whole or in part.

52.  In answer to Paragraph 52 of the Complaint, the County admits that the Maryland PSC has exclusive jurisdiction to regulate intrastate telecommunications services in the state.  The remaining statements in Paragraph 52 are not averments required or authorized by Fed. R. Civ. P. 8(a).  To the extent the Court finds any of the remaining statements in Paragraph 52 to be an appropriate averment, the County denies each and every such allegation in Paragraph 52, as stating legal conclusions with which the County disagrees in whole or in part.

53. In answer to Paragraph 53 of the Complaint, the statements in Paragraph 53 are not averments required or authorized by Fed. R. Civ. P. 8(a).  To the extent the Court finds any portion of Paragraph 53 to be an appropriate averment, the County denies each and every allegation in Paragraph 53, as stating legal conclusions with which the County disagrees in whole or in part.

54. In answer to Paragraph 54 of the Complaint, the County admits that Paragraph 54 contains accurate, though incomplete and/or misleading, partial quotes from the text of Montgomery County Code Chapter 8A (the "County Cable Law").  The County further admits that cable operators must obtain a franchise before constructing or operating a cable system in the County.  The County denies

each and every such other allegation in Paragraph 54 as stating legal conclusions with which the County disagrees in whole or in part.

55.   In answer to Paragraph 55 of the Complaint, the County admits that certain provisions of the County's franchise application process are set forth in Sections 8A-8 and 8A-9 of the County Cable Law.   The County denies each and every such other allegation in Paragraph 55 as stating legal conclusions with which the County disagrees in whole or in part.

56. In answer to Paragraph 56 of the Complaint, the County admits the allegations in Paragraph 56.

57.   In answer to Paragraph 57 of the Complaint, the County admits that Paragraph 57 contains accurate, though incomplete and/or misleading, partial quotes from the text of Section 8A-8 of the County Cable Law.  The County denies each and every such other allegation in Paragraph 57 as stating legal conclusions with which the County disagrees in whole or in part.

58. In answer to Paragraph 58 of the Complaint, the County admits that Paragraph 58 contains accurate, though incomplete and/or misleading, partial quotes from the text of Section 8A-9 of the County Cable Law.  The County denies each and every such other allegation in Paragraph 58 as stating legal conclusions with which the County disagrees in whole or in part.

59.   In answer to Paragraph 59 of the Complaint, the County admits that the County Cable Law does not forth deadlines for the County Executive to act on an initial application for a cable franchise for "the first cable entrants entering an area" which, by definition, already have franchises.  The County denies each and every other allegation in Paragraph 59 as stating legal conclusions with which the County disagrees in whole or in part.

60.  In answer to Paragraph 60 of the Complaint, the County admits that the County Cable Law sets forth an application fee a franchise acceptance fee.  The County denies each and every other allegation in Paragraph 60 as stating legal conclusions with which the County disagrees in whole or in part.

61. In answer to Paragraph 61 of the Complaint, the County admits that Paragraph 61 contains accurate, though incomplete and/or misleading, partial quotes from the text of Sections 8A-9, 8A-10, and 8A-11 of the County Cable Law.  The County denies each and every other allegation in Paragraph 61 as stating legal conclusions with which the County disagrees in whole or in part.

62. In answer to Paragraph 62 of the Complaint, the County admits that the County Cable Law sets forth certain standard subscriber notice requirements.  The County denies each and every other allegation in Paragraph 62 as stating legal conclusions with which the County disagrees in whole or in part.

63. In answer to Paragraph 63 of the Complaint, the County denies each and every allegation in Paragraph 63 as stating legal conclusions with which the County disagrees in whole or in part.

64. In answer to Paragraph 64 of the Complaint, the County admits that Paragraph 64 contains accurate, though incomplete and/or misleading, partial quotes from the text of Sections 8A-3 and 8A-12 of the County Cable Law.  The County denies each and every other allegation in Paragraph 64 as stating legal conclusions with which the County disagrees in whole or in part.

65. In answer to Paragraph 65 of the Complaint, the County admits that it has adopted administrative regulations which set forth certain minimum customer service and consumer protection standards which cable operators in the County are required to comply with.  The County further admits that Paragraph 65 contains accurate, though incomplete and/or misleading, partial quotes from the text

of Section 08A.02.01.04 of the County's regulations.    The County denies each and every other allegation in Paragraph 65 as stating legal conclusions with which the County disagrees in whole or in part.

66.  In answer to Paragraph 66 of the Complaint, the County admits that it first met with Verizon on May 19, 2005, and that Verizon representatives made a presentation regarding the deployment of its FTTP project.  The County denies each and every other allegation in Paragraph 66.    In further answer the County says that the County did not direct Verizon not to file, and there was only a brief discussion of the issue.  Both the County and representatives and the Verizon representatives understood that filing an application would trigger specific deadlines, and it might not be in the interests of either party for those deadlines to come into play until the parties had agreed on the terms of a franchise agreement.

67.  In answer to Paragraph 67 of the Complaint, the County admits that it received a draft franchise agreement from Verizon on June 7, 2005. The County denies each and every other allegation in Paragraph 67.

68.  In answer to Paragraph 68 of the Complaint, the County denies each and every allegation in Paragraph 68.

69. In answer to Paragraph 69 of the Complaint, the County admits that it has granted cable franchises to Comcast and RCN. The County denies each and every other allegation in Paragraph 69.

70. In answer to Paragraph 70 of the Complaint, the County admits the allegations in the first and third sentences of Paragraph 70 of the Complaint.   The County denies each and every other allegation in Paragraph 70.

71.  In answer to Paragraph 71 of the Complaint, the County admits that it met with plaintiff's representatives on multiple occasions during the summer and fall of 2005.  To the extent that the first

sentence of Paragraph 71 of the Complaint characterizes Verizon's motivations during the course of negotiations, the County is without sufficient information to form a belief as to the truth of that allegation, and on that basis denies said allegation.    The County admits the allegations in the third, fourth and fifth sentences of Paragraph 71. The County denies each and every allegation in the second sentence of Paragraph 71.

72.  In answer to Paragraph 72 of the Complaint, the County admits that Jane Lawton sent a letter to Verizon on August 9, 2005, which document speaks for itself.  The County denies each and every other allegation in Paragraph 72.

73. In answer to Paragraph 73 of the Complaint, the County denies each and every allegation in the first sentence of Paragraph 73.  The County admits that it had a conference call with Verizon on or about September 15, 2005, on which the parties continued to review specific areas of the County's proposed draft agreement, including some possible compromises.   The County denies each and every other allegation in Paragraph 73.

74. In answer to Paragraph 74 of the Complaint, the County admits that it received a draft agreement from Verizon on November 3, 2005 that was dated October 31, 2005**.** The County says that document speaks for itself.  The County denies each and every other allegation in Paragraph 74.

75.  In answer to Paragraph 75 of the Complaint, the County denies each and every allegation in Paragraph 75.

76. In answer to Paragraph 76 of the Complaint, the County admits the allegations in the first sentence of Paragraph 76 of the Complaint.  The County admits that it received a side-by-side comparison of the documents. The County denies each and every other allegation in Paragraph 76.

77.  In answer to Paragraph 77 of the Complaint, the County admits that plaintiff has quoted a portion of a sentence included in comments which were filed at the Federal Communications Commission as part of a coalition of Maryland Counties which included the County.  In further answer the County says that sentence stated in its entirety: "The County is currently served by two cable operators, and would readily agree at once to have Verizon also provide service under similar terms and conditions; dealing with Verizon's special demands and the company's institutional rigidity, however, may render such an agreement more difficult than it would be with a more flexible and reasonable provider."  The County denies plaintiff's interpretation of this statement contained in sentence three of Paragraph 77 of the Complaint.  The County denies each and every other allegation in Paragraph 77.

78.  In answer to Paragraph 78 of the Complaint, the County admits that the parties met on March 29, 2006.  To the extent that the first sentence of Paragraph 78 of the Complaint characterizes Verizon's motivations, the County is without information sufficient to form a belief as to the truth of that characterization, and on that basis denies said allegations.   The County denies each and every allegation in the second sentence of Paragraph 78 of the Complaint.

79. In answer to Paragraph 79 of the Complaint, the County admits that Verizon is required to follow the procedure set out in Section 8A-8 and 8A-9 of the Cable Law and the process that the County Council adheres to. The County denies each and every other allegation in Paragraph 79.

80. In answer to Paragraph 80 of the Complaint, the County denies the averments. The County asserted the right to exercise jurisdiction over the Verizon facilities insofar as state and federal law permit.

81. In answer to Paragraph 81 of the Complaint, the County admits that it rejected Verizon's illegal demands and advised Verizon that the County could not discriminate against other cable

operators. The County further admits that Verizon was advised that the County would prefer to litigate the illegal terms sought by Verizon, rather than litigate a discrimination claim brought by another cable operator.

82. In answer to Paragraph 82 of the Complaint, the County admits the allegations in the first and second sentences of Paragraph 82. The County denies each and every other allegation in Paragraph 82.

83.  In answer to Paragraph 83 of the Complaint, the County, the County admits the allegations in the first sentence of Paragraph 83 of the Complaint.  The County denies each and every other allegation in Paragraph 83. The County is without sufficient information to admit or deny the averment concerning the "writing."

84. In answer to Paragraph 84 of the Complaint, the County denies each and every allegation in Paragraph 84 of the Complaint.

85. In answer to Paragraph 85 of the Complaint, to the extent that plaintiff's allegations characterize the County's negotiating position as imposing demands or requirements, the County denies each and every allegation in Paragraph 85.

86. In answer to Paragraph 86 of the Complaint, the County denies each and every allegation in Paragraph 86.

87. In answer to Paragraph 87 of the Complaint, the County denies each and every allegation in Paragraph 87.

88. In answer to Paragraph 88 of the Complaint, the County admits that it sought to ensure that any Verizon franchise agreement is comparable to those of other cable operators. The County's negotiators suggested that the provision of "wireless hot spots" or certain payments could, if Verizon

agreed, be used to ensure comparability.    The County denies each and every other allegation in Paragraph 88.

89. In answer to Paragraph 89 of the Complaint, the County admits that Verizon was advised that the County is entitled to receive a franchise acceptance fee that is limited to the County's costs.  The County's negotiators further advised Verizon that they could not agree to the arbitrary numerical caps that Verizon proposed.  The County denies each and every other allegation in Paragraph 89.

90.  In answer to Paragraph 90 of the Complaint, the County admits that during the course of negotiations the County proposed as one remedy for allowing the company to withdraw from the County before the expiration of the franchise term might be to forfeit the performance bond.  To the extent that plaintiff's allegations in Paragraph 90 of the Complaint characterize the County's negotiation proposal as a demand, the County denies that characterization.

91.  In answer to Paragraph 91 of the Complaint, the County denies each and every allegation in Paragraph 91, as stating legal conclusions with which the County disagrees in whole or in part.

92. In answer to Paragraph 92 of the Complaint, the County admits the allegations in Paragraph 92.

93.  In answer to Paragraph 93 of the Complaint, the County denies each and every allegation in Paragraph 93 as stating legal conclusions with which the County disagrees in whole or in part.

94. In answer to Paragraph 94 of the Complaint, the County denies each and every allegation in Paragraph 94 as stating legal conclusions with which the County disagrees in whole or in part.

95. In answer to Paragraph 95 of the Complaint, the County denies each and every allegation in Paragraph 95 as stating legal conclusions with which the County disagrees in whole or in part.

96.  In answer to Paragraph 96 of the Complaint, the County denies each and every allegation in Paragraph 96 as stating legal conclusions with which the County disagrees in whole or in part.

97. In answer to Paragraph 97 of the Complaint, the County denies each and every allegation in Paragraph 97  as stating legal conclusions with which the County disagrees in whole or in part.

98.  In answer to Paragraph 98 of the Complaint, the County denies each and every allegation in Paragraph 98 as stating legal conclusions with which the County disagrees in whole or in part.

99. In answer to Paragraph 99 of the Complaint, the County admits that Paragraph 99 contains accurate, though incomplete and/or misleading, partial quotes from the text of Sections 8A-14 of the County Cable Law.  The County denies each and every other allegation in Paragraph 99 as stating legal conclusions with which the County disagrees in whole or in part.

100.     In answer to Paragraph 100 of the Complaint, the County denies each and every allegation in Paragraph 100 as stating legal conclusions with which the County disagrees in whole or in part.

101.     In answer to Paragraph 101 of the Complaint, the County denies each and every allegation in Paragraph 101 as stating legal conclusions with which the County disagrees in whole or in part.

102.     In answer to Paragraph 102 of the Complaint, the County denies each and every other allegation in Paragraph 102 as stating legal conclusions with which the County disagrees in whole or in part.

103.     In answer to Paragraph 103 of the Complaint, the County denies each and every allegation in Paragraph 103.

104.    In answer to Paragraph 104 of the Complaint, the County denies each and every allegation in Paragraph 104.

105.    In answer to Paragraph 105 of the Complaint, the County denies each and every allegation in Paragraph 105.

106.    In answer to Paragraph 106 of the Complaint, the County denies each and every allegation in  Paragraph 106.

107.    In answer to Paragraph 107 of the Complaint, the County denies the first sentence of Paragraph 107, as stating legal conclusions with which the County disagrees in whole or in part.    The County denies each and every other allegation in Paragraph 107.

108.    In answer to Paragraph 108 of the Complaint, the County denies each and every other allegation in Paragraph 108 as stating legal conclusions with which the County disagrees in whole or in part.

109.    In answer to Paragraph 109 of the Complaint, the County denies each and every other allegation in Paragraph 109 as stating legal conclusions with which the County disagrees in whole or in part.

110.    In answer to Paragraph 110 of the Complaint, the County admits that Paragraph 110 contains accurate, though incomplete and/or misleading, partial quotes from the text of Section 8A-31 of the County Cable Law.  The County denies each and every other allegation in Paragraph 110 as stating legal conclusions with which the County disagrees in whole or in part.

111.    In answer to Paragraph 111 of the Complaint, the County admits that Paragraph 111 contains accurate, though incomplete and/or misleading, partial quotes from the text of the County's

administrative regulations.  The County denies each and every other allegation in Paragraph 111 as stating legal conclusions with which the County disagrees in whole or in part.

112.    In answer to Paragraph 112 of the Complaint, the County admits that Paragraph 112 contains accurate, though incomplete and/or misleading, partial quotes from the text of Section 8A-25 of the County Cable Law.    The County denies each and every other allegation in Paragraph 112 as stating legal conclusions with which the County disagrees in whole or in part.

113.     In answer to Paragraph 113 of the Complaint, the County denies each and every other allegation in Paragraph 113 as stating legal conclusions with which the County disagrees in whole or in part.

114.    In answer to Paragraph 114 of the Complaint, the County denies each and every allegation in Paragraph 114 as stating legal conclusions with which the County disagrees in whole or in part.

115.    In answer to Paragraph 115 of the Complaint, the County admits the first sentence of Paragraph 115.  The County denies each and every other allegation in Paragraph 115 as stating legal conclusions with which the County disagrees in whole or in part.

116.     In answer to Paragraph 116 of the Complaint, the County denies each and every allegation in Paragraph 116 as stating legal conclusions with which the County disagrees in whole or in part.

117.     In answer to Paragraph 117 of the Complaint, the County denies each and every allegation in Paragraph 117.

118.    In answer to Paragraph 118 of the Complaint, the County admits that it sent a draft agreement to plaintiff on or about June 23, 2005.

119.    In answer to Paragraph 119 of the Complaint, the County denies each and every allegation in Paragraph 119.

120.    In answer to Paragraph 120 of the Complaint, the County denies the allegations in the first sentence of Paragraph 120.   The County denies each and every other allegation in Paragraph 120 as stating legal conclusions with which the County disagrees in whole or in part.

121.    In answer to Paragraph 121 of the Complaint, the County denies the allegations in the first and second sentences of Paragraph 121.  The County denies each and every other allegation in Paragraph 121 as stating legal conclusions with which the County disagrees in whole or in part.

122.     In answer to Paragraph 122 of the Complaint, the County denies the allegations in the first and section sentences of Paragraph 122.  The County denies each and every other allegation in Paragraph 122 as stating legal conclusions with which the County disagrees in whole or in part.

123.    In answer to Paragraph 123 of the Complaint, the County denies the allegations in in the first sentence of Paragraph 123.    The County is without information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 123, and on that basis denies said allegations.  The County denies each and every other allegation in Paragraph 123 as stating legal conclusions with which the County disagrees in whole or in part.

124.    In answer to Paragraph 124 of the Complaint, the County denies the allegations in the first sentence of Paragraph 124.  The County is without information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 124, and on that basis denies said allegations.  The County denies each and every other allegation in Paragraph 124, as stating legal conclusions with which the County disagrees in whole or in part.

125.    In answer to Paragraph 125 of the Complaint, the County denies the allegations in the first sentence of Paragraph 125.  The County denies each and every other allegation in Paragraph 125, as stating legal conclusions with which the County disagrees in whole or in part.

126.    In answer to Paragraph 126 of the Complaint, the County denies the allegations in the first sentence of Paragraph 126.   The County denies each and every other allegation in Paragraph 126, as stating legal conclusions with which the County disagrees in whole or in part.

127.    In answer to Paragraph 127 of the Complaint, the County denies the allegations in the first sentence of Paragraph 127.  The County denies each and every other allegation in Paragraph 127, as stating legal conclusions with which the County disagrees in whole or in part.

128.    In answer to Paragraph 128 of the Complaint, the County denies each and every allegation in Paragraph 128.

129.    In answer to Paragraph 129 of the Complaint, the County denies each and every allegation in Paragraph 129.

130.    In answer to Paragraph 130 of the Complaint, the County denies the allegations in the first sentence of Paragraph 130.  The County admits that the Comcast Franchise has a provision, 2(m)(3) which states:

*Effect of Competition:*

(1) The County and the Participating Municipalities desire competition in cable services in Montgomery County and believes competition will benefit the residents of the County and the Participating Municipalities. Further, the County and the Participating Municipalities believe that competition can develop without substantial injury to Franchisee or Franchisee's ability to perform on its promises in this Agreement. The Franchisee has entered this Agreement with a full understanding that the County and the Participating Municipalities intends to encourage the development of competition.

(2) If the County Executive requests, the County, for itself and the Participating Municipalities, may require the Franchisee to increase its Comparable Obligations to the

level of the Support Obligations of a Video Competitor if the total Support Obligations of the Video Competitor (excluding franchise fees or comparable fees or taxes) pursuant to any franchise or comparable agreement with the County are greater than the total Comparable Obligations of the Franchisee (excluding franchise fees) under this Franchise and the Settlement Agreement.

(3) If the Franchisee requests, the County, for itself and the Participating Municipalities, shall grant a decrease in Franchisee's Future Obligations under this Agreement to the level of the Future Obligations of a Video Competitor if, at the time of the request:

(A) The Video Competitor serves residential subscribers totaling at least 10% or more of the number of residential subscribers then served by the Franchisee; and

(B) The Franchisees Comparable Obligations are 10% greater, or more, than the Support Obligations of the Video Competitor.

The County denies each and every other allegation in Paragraph 130.

131.    In answer to Paragraph 131 of the Complaint, the County denies each and every allegation in Paragraph 131.

132.    In answer to Paragraph 132 of the Complaint,  the statements in Paragraph 132 are not averments required or authorized by Fed. R. Civ. P. 8(a).  To the extent the Court finds any portion of Paragraph 132 to be an appropriate averment, the County denies each and every allegation in Paragraph 132, as stating a self-serving distortion with which the County disagrees in whole or in part.

133.    In answer to Paragraph 133 of the Complaint, the County admits the allegations in the first and second sentence of Paragraph 133.  The County denies the third and fourth sentence of Paragraph 133 as stating conclusions of law with which the County disagrees in whole or in part.  The County denies each and every each and every other allegation in Paragraph 133.

134.    In answer to Paragraph 134 of the Complaint, the County denies each and every allegation of Paragraph 134, as stating legal conclusions with which the County disagrees in whole or in part.

135.    In answer to Paragraph 135 of the Complaint, the County denies each and every allegation in Paragraph 135.

136.    In answer to Paragraph 136 of the Complaint, the County denies each and every allegation in Paragraph 136.

137.    In answer to Paragraph 137 of the Complaint, the County admits the allegations in the second sentence of Paragraph 137.  The County denies each and every other allegation in Paragraph 137.

138.    In answer to Paragraph 138 of the Complaint, the County without information sufficient to form a belief as to the truth of the allegations in Paragraph 138, and on that basis denies said allegations.

139.    In answer to Paragraph 139 of the Complaint, the County is without information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 139 of the Complaint, and on that basis denies said allegations.

140.    In answer to Paragraph 140 of the Complaint, the County, the County is without information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 140 of the Complaint, and on that basis denies said allegations.

141.    In answer to Paragraph 141 of the Complaint, the County denies each and every allegation in Paragraph 141.

142.    In answer to Paragraph 142 of the Complaint, the County admits that the County approached Verizon in the Spring of 2005 to inquire whether Verizon had plans to provide service in the County and that subsequent to that inquiry Verizon sought to schedule a meeting with the County regarding a cable franchise.  The County admits that to date it has not granted Verizon a franchise. The County denies each and every other the allegation in Paragraph 142.

143.    In answer to Paragraph 143 of the Complaint, the County denies each and every allegation in Paragraph 143.

144.    In answer to Paragraph 144 of the Complaint, the County denies each and every allegation in Paragraph 144.

145.    In answer to Paragraph 145 of the Complaint, the County denies each and every allegation in Paragraph 145.

146.    In answer to Paragraph 146 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 146, and on that basis denies said allegations. The County denies each and every other allegation in Paragraph 146.

147.    In answer to Paragraph 147 of the Complaint, the County denies each and every allegation in Paragraph 147.

148.    In answer to Paragraph 148 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 148 of the Complaint, and on that basis denies said allegations. The County denies each and every other allegation in Paragraph 148.

149.    In answer to Paragraph 149 of the Complaint, the County is without information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 149 of the Complaint, and on that basis denies said allegations.  The County denies each and every other allegation in Paragraph 149.

150.    In answer to Paragraph 150 of the Complaint, the County denies each and every allegation in Paragraph 150.

## COUNT ONE

151.     In answer to Paragraph 151 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

152.     In answer to Paragraph 152 of the Complaint, the County denies each and every allegation in Paragraph 152.

153.     In answer to Paragraph 153 of the Complaint, the County denies each and every allegation in Paragraph 153.

## COUNT TWO

154.     In answer to Paragraph 154 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

155.     In answer to Paragraph 155, the County admits that Section 8A-14(d) of the County Cable Law states that "The County must approve all forms describing customer service policies and procedures before they are distributed to subscribers."  The County denies each and every other allegation in Paragraph 155.

156.     In answer to Paragraph 156 of the Complaint, the County denies each and every allegation in Paragraph 156.

157.     In answer to Paragraph 157 of the Complaint, the County denies each and every allegation in Paragraph 157.

## COUNT THREE

158.     In answer to Paragraph 158 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

159.    In answer to Paragraph 159 of the Complaint, the County denies each and every allegation in Paragraph 159 as stating legal conclusions with which the County disagrees in whole or in part.

160.    In answer to Paragraph 160, the County denies each and every allegation in Paragraph 160.

161.    In answer to Paragraph 161 of the Complaint, the County denies each and every allegation in Paragraph 161.

## COUNT FOUR

162.    In answer to Paragraph 162, the County incorporates herein by reference its answers to all previous paragraphs.

163.    In answer to Paragraph 163, the County denies each and every allegation in Paragraph 163, as stating legal conclusions with which the County disagrees in whole or in part.

164.    In answer to Paragraph 164 of the Complaint, the County denies each and every allegation in Paragraph 164.

165.    In answer to Paragraph 165 of the Complaint, the County denies each and every allegation in Paragraph 165.

## COUNT FIVE

166.    In answer to Paragraph 166 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

167.    In answer to Paragraph 167, the County denies each and every allegation in Paragraph 167, as stating legal conclusions with which the County disagrees in whole or in part.

168.     In answer to Paragraph 168 of the Complaint, the County denies each and every allegation in Paragraph 168.

169.     In answer to Paragraph 169 of the Complaint, the County denies each and every allegation in Paragraph 169.

170.     In answer to Paragraph 170 of the Complaint, the County denies each and every allegation in Paragraph 170.

### COUNT SIX

171.     In answer to Paragraph 171 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

172.     In answer to Paragraph 172, the County denies each and every allegation in Paragraph 172, as stating legal conclusions with which the County disagrees in whole or in part.

173.     In answer to Paragraph 173 of the Complaint, the County denies each and every allegation in Paragraph 173.

174.     In answer to Paragraph 174 of the Complaint, the County denies each and every allegation in Paragraph 174.

### COUNT SEVEN

175.     In answer to Paragraph 175 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

176.     In answer to Paragraph 176 of the Complaint, the County denies each and every allegation in Paragraph 176.

177.     In answer to Paragraph 177 of the Complaint, the County denies each and every allegation in Paragraph 177.

178.     In answer to Paragraph 178 of the Complaint, the County denies each and every allegation in Paragraph 178.

## COUNT EIGHT

179.     In answer to Paragraph 179 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

180.     In answer to Paragraph 180, the County denies each and every allegation in Paragraph 180 as stating legal conclusions with which the County disagrees in whole or in part.

181.     In answer to Paragraph 181, the County denies each and every allegation in Paragraph 181 as stating legal conclusions with which the County disagrees in whole or in part.

182.     In answer to Paragraph 182 of the Complaint, the County denies each and every allegation in Paragraph 182.

183.     In answer to Paragraph 183 of the Complaint, the County denies each and every allegation in Paragraph 183.

## COUNT NINE

184.     In answer to Paragraph 184 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

185.     In answer to Paragraph 185 of the Complaint, the County denies each and every allegation in Paragraph 185 as stating legal conclusions with which the County disagrees in whole or in part.

186.     In answer to Paragraph 186 of the Complaint, the County denies each and every allegation in Paragraph 186 as stating legal conclusions with which the County disagrees in whole or in part.

187.     In answer to Paragraph 187 of the Complaint, the County denies each and every allegation in Paragraph 187 as stating legal conclusions with which the County disagrees in whole or in part.

188.     In answer to Paragraph 188 of the Complaint, the County denies each and every allegation in Paragraph 188.

189.     In answer to Paragraph 189 of the Complaint, the County denies each and every allegation in Paragraph 189.

## COUNT TEN

190.     In answer to Paragraph 190 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

191.     In answer to Paragraph 191 of the Complaint, the County denies each and every allegation in Paragraph 191.

## COUNT ELEVEN

192.     In answer to Paragraph 192 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

193.     In answer to Paragraph 193 of the Complaint, the County denies each and every allegation in Paragraph 193.

194.     In answer to Paragraph 194 of the Complaint, the County denies each and every allegation in Paragraph 194.

## COUNT TWELVE

195.     In answer to Paragraph 195 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

196.     In answer to Paragraph 196 of the Complaint, the County denies each and every allegation in Paragraph 196.

197.     In answer to Paragraph 197 of the Complaint, the County denies each and every allegation in Paragraph 197.

## COUNT THIRTEEN

198.     In answer to Paragraph 198 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

199.     In answer to Paragraph 199, County denies each and every allegation in Paragraph 199 as stating legal conclusions with which the County disagrees in whole or in part.

200.     In answer to Paragraph 200 of the Complaint, the County denies each and every allegation in Paragraph 200.

201.     In answer to Paragraph 201, County denies each and every allegation in Paragraph 201 as stating legal conclusions with which the County disagrees in whole or in part.


## COUNT FOURTEEN

202.     In answer to Paragraph 202 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

203.     In answer to Paragraph 203, the County denies each and every allegation in Paragraph 203 as stating legal conclusions with which the County disagrees in whole or in part..

204.     In answer to Paragraph 204 of the Complaint, the County denies each and every allegation in Paragraph 204 as stating legal conclusions with which the County disagrees in whole or in part.

205.     In answer to Paragraph 205 of the Complaint, the County denies each and every allegation in Paragraph 205 as stating legal conclusions with which the County disagrees in whole or in part.

206.     In answer to Paragraph 206 of the Complaint, the County denies each and every allegation in Paragraph 206.

207.     In answer to Paragraph 207 of the Complaint, the County denies each and every allegation in Paragraph 207.

208.     In answer to Paragraph 208 of the Complaint, the County denies each and every allegation in Paragraph 208.

## COUNT FIFTEEN

209.     In answer to Paragraph 209 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

210.     In answer to Paragraph 210, the County denies each and every allegation in Paragraph 210 as stating legal conclusions with which the County disagrees in whole or in part.

211.     In answer to Paragraph 211 of the Complaint, County denies each and every allegation in Paragraph 211 as stating legal conclusions with which the County disagrees in whole or in part.

212.     In answer to Paragraph 212 of the Complaint, the County denies each and every allegation in Paragraph 212.

213.     In answer to Paragraph 213 of the Complaint, the County denies each and every allegation in Paragraph 213.

## COUNT SIXTEEN

214.    In answer to Paragraph 214 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

215.     In answer to Paragraph 215, the County denies each and every allegation in Paragraph 215 as stating legal conclusions with which the County disagrees in whole or in part.

216.    In answer to Paragraph 216 of the Complaint, the County denies each and every allegation in Paragraph 216.

217.    In answer to Paragraph 217 of the Complaint, the County denies each and every allegation in Paragraph 217.

## COUNT SEVENTEEN

218.    In answer to Paragraph of 218 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

219.    In answer to Paragraph 219 of the Complaint, County denies each and every allegation in Paragraph 219 as stating legal conclusions with which the County disagrees in whole or in part.

220.    In answer to Paragraph 220, the County denies each and every allegation in Paragraph 220 as stating legal conclusions with which the County disagrees in whole or in part.

221.    In answer to Paragraph 221, the County denies each and every allegation in Paragraph 221 as stating legal conclusions with which the County disagrees in whole or in part..

222.     In answer to Paragraph 222 of the Complaint, the County denies each and every allegation in Paragraph 222.

223.     In answer to Paragraph 223 of the Complaint, the County denies each and every allegation in Paragraph 223.

224.     In answer to Paragraph 224 of the Complaint, the County denies each and every allegation in Paragraph 224.

225.      In answer to Paragraph 225 of the Complaint, the County denies each and every allegation in Paragraph 225.

## COUNT EIGHTEEN

226.     In answer to Paragraph 226 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

227.     In answer to Paragraph 227, the County denies each and every allegation in Paragraph 227 as stating legal conclusions with which the County disagrees in whole or in part.

228.     In answer to Paragraph 228, the County denies each and every allegation in Paragraph 228 as stating legal conclusions with which the County disagrees in whole or in part.

229.     In answer to Paragraph 229, the County denies each and every allegation in Paragraph 229 as stating legal conclusions with which the County disagrees in whole or in part.

230.     In answer to Paragraph 230, the County denies each and every allegation in Paragraph 230 as stating legal conclusions with which the County disagrees in whole or in part.

231.     In answer to Paragraph 231, the County denies each and every allegation in Paragraph 231.

232.     In answer to Paragraph 232 of the Complaint, the County denies each and every allegation in Paragraph 232.

233.     In answer to Paragraph 233 of the Complaint, the County denies each and every allegation in Paragraph 233.

234.     In answer to Paragraph 234 of the Complaint, the County denies each and every allegation in Paragraph 234.

235.     In answer to Paragraph 235 of the Complaint, the County denies each and every allegation in Paragraph 235.

## COUNT NINETEEN

236.     In answer to Paragraph 236 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

237.     In answer to Paragraph 237, the County denies each and every allegation in Paragraph 237 as stating legal conclusions with which the County disagrees in whole or in part.

238.     In answer to Paragraph 238 of the Complaint, the County denies each and every allegation in Paragraph 238.

239.     In answer to Paragraph 239 of the Complaint, the County denies each and every allegation in Paragraph 239.

## COUNT TWENTY

240.     In answer to Paragraph 240 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

241.      In answer to Paragraph 241, the County denies each and every allegation in Paragraph 241 as stating legal conclusions with which the County disagrees in whole or in part..

242.      In answer to Paragraph 242 of the Complaint, the County denies each and every allegation in Paragraph 242.

243.     In answer to Paragraph 243 of the Complaint, the County denies each and every allegation in Paragraph 243.

## COUNT TWENTY-ONE

244.     In answer to Paragraph 244 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

245.     In answer to Paragraph 245, the County denies each and every allegation in Paragraph 245 as stating legal conclusions with which the County disagrees in whole or in part.

246.     In answer to Paragraph 246 of the Complaint, the County denies each and every allegation in Paragraph 246.

247.     In answer to Paragraph 247 of the Complaint, the County denies each and every allegation in Paragraph 247.

## COUNT TWENTY-TWO

248.     In answer to Paragraph 248 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

249.     In answer to Paragraph 249 of the Complaint, the County denies each and every allegation in Paragraph 249 as stating legal conclusions with which the County disagrees in whole or in part.

250.     In answer to Paragraph 250 of the Complaint, the County denies each and every allegation in Paragraph 250.

251.     In answer to Paragraph 251 of the Complaint, the County denies each and every allegation in Paragraph 251.

**COUNT TWENTY-THREE**

252.    In answer to Paragraph 252, the County incorporates herein by reference its answers to all previous paragraphs.

253.    In answer to Paragraph 253, the County admits that plaintiff has accurately quoted a portion of 47 U.S.C. § 541(a)(1) in  paragraph 253.

254.    In answer to Paragraph 254, the County denies each and every allegation in Paragraph 254.

255.    In answer to Paragraph 255, the County denies each and every allegation in Paragraph 255.

**COUNT TWENTY-FOUR**

256.    In answer to Paragraph 256, the County incorporates herein by reference its answers to all previous paragraphs.

257.    In answer to Paragraph 257, the County admits that Paragraph 257 contains an accurate, though incomplete, partial quote from the text of 15 U.S.C. Section 1.

258.    In answer to Paragraph 258, the County denies each and every allegation in Paragraph 258.

259.     In answer to Paragraph 259, the County denies each and every allegation in Paragraph 259.

260.    In answer to Paragraph 260 of the Complaint, the County denies each and every allegation in Paragraph 260.

261.     In answer to Paragraph 261 of the Complaint, the County denies each and every allegation in Paragraph 261.

262.     In answer to Paragraph 262 of the Complaint, the County denies each and every allegation in Paragraph 262.

263.     In answer to Paragraph 263 of the Complaint, the County denies each and every allegation in Paragraph 263.

264.     In answer to Paragraph 264 of the Complaint, the County denies each and every allegation in Paragraph 264.

**COUNT TWENTY-FIVE**

265.     In answer to Paragraph 265 of the Complaint, the County incorporates herein by reference its answers to all previous paragraphs.

266.     In answer to Paragraph 266 of the Complaint, the County admits that Paragraph 266 contains an accurate, though incomplete, partial quote from the text of 15 U.S.C. Section 2.

267.      In answer to Paragraph 267 of the Complaint, the City denies each and every allegation in Paragraph 267.

268.     In answer to Paragraph 268 of the Complaint, the County denies each and every allegation in Paragraph 268.

269.     In answer to Paragraph 269 of the Complaint, the County denies each and every allegation in Paragraph 269.

270.     In answer to Paragraph 270 of the Complaint, the County denies each and every allegation in Paragraph 270.

271.    In answer to Paragraph 271 of the Complaint, the County denies each and every allegation in Paragraph 271.

272.    In answer to Paragraph 272 of the Complaint, the County denies each and every allegation in Paragraph 272.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails to allege facts stating a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel, Laches and Waiver)

Plaintiff's claims are barred by the doctrines of estoppel, laches, and/or waiver by reason of the failure of plaintiff to file an application for a County cable franchise**.**

## COUNTERCLAIMS

### FIRST COUNTERCLAIM

### (Violation of Section 8A-4 of the County Cable Law And The Federal Cable Act Requiring A Franchise In Order To Construct Cable Facilities)

1.    Montgomery County, Maryland (the "County"), is a Charter County within the state of Maryland, having elected home rule pursuant to Article XI-A of the Constitution of Maryland.  The County has adopted a Home Rule Charter, pursuant to which legislative power is vested in the County Council and executive authority is vested in the County Executive.

2.    In 1910, the Maryland General Assembly enacted a public local law that granted to the County the authority to approve and regulate occupations of the County's right-of-way.  Laws of

Maryland 1910, Ch. 484, Section 177V-Z, approved April 11, 1910.  That provision is now codified in the Montgomery County Code at Section 49-11, *et seq.*

2.      Section 5(B) of Article 25A of the Maryland Express Powers Act grants home rule counties such as the County the power to franchise for the protection of the public rights-of-way and to lease county property, as follows:

> (B) County Property and Franchises
>
> To provide for the protection of the county property; . . . to grant any franchise or right to use the same, or any right or franchise in relation to any highway, street, road, lanes, alley or bridge; . . .to grant one or more exclusive or nonexclusive franchises for a community antenna system or other cable television system that utilizes any public right-of-way, highway, street, road, lane, alley, or bridge, to impose franchise fees, and to establish rates, rules, and regulations for franchises granted . . .

3.      Section 621 of the federal Cable Act, 47 U.S.C. § 541, requires a cable operator to obtain a franchise from a local franchising authority, like the County, before installing and operating a cable system in the right-of-way.

4.      Pursuant to this authority, Montgomery County exercises control and supervision over cable television operators seeking to use the County's rights-of-way under Chapter 8A of the Montgomery County Code (the "County Cable Law").

5.      Section 8A-4 of the Montgomery County Code provides in pertinent part that "[a] person must not construct or operate a cable system in the County without a franchise granted by the County."

6.      Verizon has asserted that it has constructed facilities to offer cable services in the County.

7.      Verizon has not obtained a franchise from the County.

8.      Verizon has violated Section 8A-4 of the Montgomery County Code, state law, and the federal Cable Act.

**SECOND COUNTERCLAIM**

**(Verizon's Violation of Section 49-11 of the Montgomery County Code
requiring Franchise for Use of County's Rights-of-Way)**

9.      The County realleges and incorporates herein by reference all previous paragraphs of its

Counterclaims.

10.      At paragraph 14 of its Complaint Verizon alleges that Verizon has a perpetual state-wide

franchise that "confers on Verizon the right to construct telecommunications facilities in the public

rights-of-way within the state's borders."

11.      While the County does not claim any authority under federal law or the Cable Law to

require Verizon to obtain a franchise in order to use the County's rights-of-way to provide

telecommunications services, the County does have authority to require Verizon to obtain a franchise in

order to use the County's rights-of-way to provide telecommunications services under Chapter 49-11 of

the Montgomery County Code.  Section 49-11 of the Montgomery County Code authorizes the County

to grant "a  franchise or right in relation to any highway, avenue, street, lane or alley, either on, above or

below the surface of the same."

12.      Moreover, Section 5(B) of Article 25A of the Maryland Express Powers Act grants home

rule counties such as the County the power to franchise for the protection of the public rights-of-way

and to lease county property, as follows:

(B) County Property and Franchises

To provide for the protection of the county property;  . . .  to grant any franchise or right
to use the same, or any right or franchise in relation to any highway, street, road, lanes,
alley or bridge;  . . . . . . in furtherance of the public purposes of such county or agency,
upon such terms and compensation as said county may deem proper. . . .

13.     Pursuant to the foregoing authority, Montgomery County exercises control and supervision over all users of its rights-of-way.

14.     Pursuant to this authority the County has granted franchises to other telecommunications providers seeking to use the County's rights-of-way.

15.     Verizon currently uses the County's rights-of-way for placing facilities used to provide services to customers in the County.

16.     Verizon has not obtained a franchise from the County to use the County's rights-of-way.

17.     Verizon has violated Section 49-11 of the Montgomery County Code.


### THIRD COUNTERCLAIM
**(Verizon's Violation of Section 49-12 of the Montgomery County Code requiring payment of compensation for use of County Rights-of-Way)**

18.     The County realleges and incorporates herein by reference all previous paragraphs of its Counterclaims.

19.     While the County does not claim any authority under federal law or the Cable Law to require Verizon to pay franchise fees on non-cable services, the County does have authority to require Verizon to pay the County compensation for use of its rights-of-way pursuant to Chapter 49 of the Montgomery County Code.

20.     Section 49-12 of the Montgomery County Code authorizes the County to grant franchises for the use of the County's rights-of-way "for such money compensation as it shall, after consideration of the recommendations of county executive, determine to be proper and as may be prescribed by such council."

21.     Section 5(B) of Article 25A of the Maryland Express Powers Act grants home rule counties such as the County the power to franchise for the protection of the public rights-of-way and to lease county property, as follows:

(B) County Property and Franchises

To provide for the protection of the county property;  . . .  to grant any franchise or right to use the same, or any right or franchise in relation to any highway, street, road, lanes, alley or bridge;  . . . . . . in furtherance of the public purposes of such county or agency, upon such terms and compensation as said county may deem proper. . . .

22.     The County has granted franchises to other telecommunications providers using the County's rights-of-way for compensation in the amount of five percent of the operator's gross revenues from the provision of telecommunications services.

23.     Verizon currently uses the County's rights-of-way for placing facilities used to provide telecommunications services to customers in the County.  Regardless of the terms of Section 49-12, or the scope of the County's franchising authority, the County is entitled to obtain compensation for the use of County property.

24.     Verizon has not paid compensation to the County for use of the County's rights-of-way.

25.     Verizon has violated Section 49-12 of the Montgomery County Code.


**WHEREFORE**, the County prays:

1.     For judgment dismissing Plaintiff's Complaint, and awarding Plaintiff no relief on it;

2.     In the alternative, for entry of a declaratory judgment in favor of the County and against Plaintiff to the effect that no provision of the County's Cable Law violates federal or state law.

3.      For a declaration that Verizon's facilities are a cable system and subject to the requirement that Verizon obtain a franchise from the County for the construction of a cable system in the County's rights-of-way;

4.      For judgment requiring the Plaintiff to pay all compensation owed the County for any period for which it has operated without a franchise, and for the future;

5.      For a declaration that Verizon must obtain a franchise from the County for Verizon's use and occupation of the County's rights-of-way in connection with the provision of telecommunications services;

6.      That the County be awarded costs of suit, including attorney's fees;

7.      For such other and further relief as the Court deems just.


DATED this 10th day of August, 2006.

Respectfully submitted,




By:   _____/s/_____
      Nicholas P. Miller
      Bar ID No. 14179
      Joseph Van Eaton *admitted pro hac vice*
      Matthew C. Ames *admitted pro hac vice*
      Miller & Van Eaton, P.L.L.C.
      1155 Connecticut Avenue, Suite 1000
      Washington, D.C. 20036-4320
      (202) 785-0600
      (202) 785-1234 (FAX)
      Attorneys for Montgomery County, Maryland

4257\36\00120447.DOC